UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

RYDER TRUCK RENTAL, INC.,

        U.S DISTRICT CASE # -

   Plaintiff/s                                  CIRCUIT COURT
vs.                                             Case # - 2021-006052-CA-01

LOGISTICS RESOURCE SOLUTIONS, INC.

   Defendant.
_____/

## DEFENDANTS NOTICE OF REMOVAL

Pursuant to 28 U.S.C. 1331, 1441, and 1446, Defendants, Logistics Resource Solutions, Inc., by and through their undersigned counsel, hereby give their notice of removal of the case styled *Ryder Truck Rental, Inc., v. Logistics Resource Solutions, Inc.,* Case No.: 2021-006052-CA-01, currently pending in the Eleventh Judicial Court, in and for Miami-Dade County, Florida (the "State Court Action"), to the United States District Court for the Southern District of Florida, Miami-Dade Division. As grounds, Defendants states as follows:

1.    On or about February 25, 2021, RYDER TRUCK RENTAL, INC., ("Plaintiff") filed its Complaint in the State Court Action by filing a Complaint with the Circuit Court for the Eleventh Judicial circuit, in and for Miami- Dade County, Florida, initiating the State Court Action, which named LOGISTICS RESOURCE SOLUTIONS, INC., as Defendant. Pursuant to 28 U.S.C. 1446(b), a true and legible copy of all processes, pleadings, motions and orders on file with the State County Action is attached as Exhibit A. A copy of the Notice contemporaneously filed in the Eleventh Judicial Circuit, in and for Miami-Dade

County, Florida is attached hereto as Exhibit B.

2. Pursuant to 28 U.S.C. 1446(b), Defendants have timely filed this Notice of Removal within 30 days of Plaintiff's initial service of process on April 6, 2021.

3. Removal to this Court is proper under 28 U.S.C. 1446(a) because the United States District Court for the Southern District of Florida, Miami-Dade Division, is the district and division within which the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida is located.

4. Pursuant to 28 U.S.C. 1446(d), Defendants have provided written notice of the filing of this Notice of Removal to Plaintiff and have filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. See Exhibit B.

## FORUM SHOPPING AND MOTION TO TRANSFER

The Plaintiff and Defendant are currently litigating all the issues before this Court in Missouri. Attached is Exhibit C: Docket Sheet Missouri,; D: Amended Complaint; E: Ryder's Motion to Dismiss; and F: Ryder's Memorandum of Law , which are portions of the litigation in the Federal Court in Missouri. As such the plaintiff is Forum shopping a better forum and this case should either be dismissed or transferred to the Federal Court in Missouri. Since the plaintiff has submitted to the jurisdiction of the Federal Court in Missouri, the plaintiff has waived all jurisdiction arguments. In the alternative, the case should be stayed pending the motion to dismiss in Federal Court in Missouri.

## GROUNDS FOR REMOVAL

## DIVERSITY JURISDICTION

5. LOGISTICS RESOURCE SOLUTIONS, INC., is a citizen and resident of the State of Illinois. The Complaint alleges in paragraph 2, that LOGISTICS RESOURCE SOLUTIONS, INC., is an Illinois corporation. This court may consider both the Complaint and this Notice in determining citizenship. Moreover, the documents attached to the complaint as Exhibit A, lists the corporation as 1600 Wayne Lantern Drive, Madison Illinois 62060. See Exhibit A to the Complaint.

6. LOGISTICS RESOURCE SOLUTIONS, INC., the sole defendant in this action, is not a citizen of the State of Florida. While the Complaint alleges that LOGISTICS RESOURCE SOLUTIONS, INC., is a "foreign corporation doing business in Florida" (emphasis in original), Complaint paragraph 2 at all times material to the filing and service of the complaint in this action, LOGISTICS RESOURCE SOLUTIONS, INC., was and is an Illinois corporation with its principal place of business in Missouri.

7. Thus, complete diversity exists because Plaintiff is a citizen of Florida and it is clear that LOGISTICS RESOURCE SOLUTIONS, INC., is not a citizen of Florida and is a citizen of Illinois.

8. For purposes of diversity, this court may consider the entire record presented to it for removal and not merely the complaint. *Woolard v. Heyer-Schulte*, 791 F. Supp. 294 (S.D. Fla. 1992). The *Woolard* Court held that a defendant seeking to remove an action based on diversity of citizenship can supply the elements required to establish federal diversity jurisdiction in its removal papers. *Woolard*, 791 F. Supp. At 295; see also *Baker v. Firestone Tire & Rubber Co.,* 537 F. Supp. 244, 246 (S.D. Fla. 1982);

*Estevez-Gonzales v. Kraft, Inc.*, 606 f. Supp. 127, 129 (S.D. Fla. 1985). In *Woolard,* the court specifically rejected the argument that a court should only look at the face of a complaint when determining removal jurisdiction in diversity cases. *Woolard,* 791 F. Supp. At 295. The court stated if it adopted the "face of the complaint" rule:

> [D]efendants' statutory right to removal would be wholly contingent upon the plaintiff's choice of words. If, for example, a citizen of Florida were suing a citizen of New York in Florida state court for a million dollars, he could foreclose the possibility of removal simply by omitting any allegation of the Defendant's citizenship As the commentators have written, were this the rule, it would be a most undesirable one.

Id. At 296 (citations omitted); see also *Wright v. Continental Casualty Co.*, 456 F. Supp. 1075, 1077 (M.D. Fla. 1978); *Wilt v. Depositors Ins. Co.*, 6:13 - CV-1502-ORL-36 WL 6195768, at *4 (M.D. Fla. Nov. 26, 2013) (reciting the well-recognized rule in the Eleventh Circuit that removal is proper if the amount in controversy is facially apparent from the complaint or, where the amount in controversy is not apparent from the complaint, removal is proper if the amount in controversy is established in the notice of removal (citations omitted); *accord Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

9. Additionally, FEDERAL PRACTICE AND PROCEDURE, Wright, Miller & Cooper, explains that a federal district court's consideration of both the complaint and Notice of Removal is statutorily correct. 3734 Procedure for Removal – Stating the Grounds of Re-movability, 14A Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION, 2d, 3734 (1998) (federal courts should "consider the facts disclosed in the record of the case as a whole, in determining the propriety of

removal. Section 1446(b) makes clear that this practice is correct .... [T]here would be little point in requiring the notice of removal to contain a 'short and plain statement' of the grounds for removal if the federal court could not look to that statement to inform itself of the propriety of removal"). Indeed, the failure to consider the Notice of Removal would deprive LOGISTICS RESOURCE SOLUTIONS, INC., of its statutory right to remove. See id. To look strictly to the Complaint, and nothing else, would allow Plaintiff, either intentionally or unintentionally, to defeat defendants attempt to remove a case which in fact meets the diversity jurisdiction requirements simply by mis-characterizing or omitting relevant facts from the Complaint. Id. Thus, the complaint and this Notice of Removal, taken together, establish that complete diversity of citizenship exists.

## AMOUNT IN CONTROVERSY

10. Further, the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs. The Complaint avers on page 6 that Plaintiff seeks "in excess of $4,035,786.99, exclusive of interest, costs, and attorney's fees." That amount is simply the minimum state court jurisdictional prerequisite for filing in the Florida Circuit Court and is not controlling here as to this Court's analysis.

11. This, because both diversity of citizenship exists and the jurisdictional minimum has been met, this case is properly removable to this court pursuant to 28 U.S.C. 1332, 1441, and 1446.

12. Copies of all process, pleadings, and orders served upon LOGISTICS RESOURCE SOLUTIONS, INC., in this case are attached to this Notice of Removal as Exhibit A.

13. A copy of this Notice of Removal will be filed concurrently in the Circuit court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

## Non Waiver of Defenses

14. By removing this action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, LOGISTICS RESOURCE SOLUTIONS, INC., does not wave any defenses available to it.

15. By removing this action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, LOGISTICS RESOURCE SOLUTIONS, INC., does not admit any of the allegations in the complaint.

WHEREFORE, Defendant LOGISTICS RESOURCE SOLUTIONS, INC., prays that the above action now pending against it in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, be removed therefrom to this Court, and that this Court take jurisdiction over this matter.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to: HUNTON ANDREWS KURTH LLP, ATTN: CRYSTAL CARSWELL, ESQ. ,333 SE 2ND AVE. STE 24, MIAMI, FLORIDA 33131 305-810-2500, on April 23, 2021 .

/s/ Kenneth D. Cooper
KENNETH D. COOPER
KennethDCooperlawoffice@gmail.com400
S.E. 8th StreetFort Lauderdale, FL 33316
Telephone: (954) 522-7177
FLORIDA BAR NUMBER 362166